There is no proof of the age, infirmities, or mental capacity of the father, nor of any undue influence of Arthur over him; *Page 211 
nor any evidence as to the terms in which the instrument was directed to be drawn, nor of those in which it was represented to the father to be drawn; nothing to show that in its structure it was different from what it was then thought and intended by both parties to be. But several depositions, which were read de bene esse, contain full proof of declarations by Arthur shortly after the date of the bond, and subsequently, that his father gave him the bond as an indemnity; and that it was to be paid, if he suffered; otherwise, destroyed.
The question is upon the admissibility of the evidence to (260) establish the alleged condition. The case of Mease v. Mease, Cowp., 47, is an authority at law upon the very point, that such evidence cannot be heard. The rule of evidence is generally the same in both courts. In equity there is the advantage of the defendant's answer; but if that fails to confess or to open the case, and it is to be made out entirely by proof, the terms of an agreement in writing can be no more varied here than at law, unless it appear by clear proof that the provision sought to be established was a substantive part of the contract, and intended to be inserted in the instrument itself, but was not, through fraud or mistake. To these points there is no proof here; nothing as to what passed in coming to an agreement, or as to drawing it up, or to show that the father did not know it was absolute in its terms, or did not intend it to be. The evidence is as to the manner in which the son should use the bond upon certain contingencies, and that drawn from his verbal declarations. To act upon it would be to insert a condition inconsistent with the legal operation and contradicting the express terms of the instrument, which would break down all distinctions as to degrees of evidence and destroy the confidence that ought justly be reposed in solemn contracts. Fordyce v. Willis, 3 Bro. C. C., 577. This is altogether distinguishable from evidence impeaching a contract upon consideration which renders it void by the words of a statute, or a rule of the common law, or a principle of equity. There the terms are not varied; and I believe no case can be found in which a court of equity, more than a court of law, has received parol evidence of the agreement directly in the teeth of the contract as reduced to writing. This is as strong a case as could be, for the moral honesty is doubtless, if there be reliance in the party's words and the witnesses's oaths, on the side of the plaintiff; and there might be very probably such a confidence between father and son. But the relation cannot be allowed to set aside the rule of law; for there is no point at which we could say the relation of the parties should operate, and beyond which it should not; whether it should take in or exclude brothers, (261) very intimate friends, and the like. *Page 212 
The Court cannot, therefore, take notice of the evidence, and the bill must be dismissed, with costs.
PER CURIAM. Bill dismissed.
While the case above stated pended in the court below, and after the proofs were taken, the defendant, fearing that the plaintiff would obtain a perpetual injunction, filed a bill against the plaintiff and one Edwards, in which he charged that upon the faith of the judgment he had obtained at law, he had been fixed by the defendant Edwards with its amount as assets, and praying that the defendants might interplead, and that he might be protected in the final disposition that might be made of the cause.